## TROUSDALE v. ALBERS.

### No. 3507.

Court of Civil Appeals of Texas. El Paso.

April 29, 1937.

Rehearing Denied April 29, 1937.

John K. Weber, C. O. Wolfe, and Weber & Wolfe, all of San Antonio, for appellant.

John P. Pfeiffer, of San Antonio, for appellee.

WALTHALL, Justice.

D. A. Trousdale, as plaintiff, brought this suit against the Star Brick & Tile Company, a corporation, as the principal maker of a promissory note, and against Henry C. King, Jr., and G. H. Albers, as defendants, as indorsers on said note. The petition sets out the note in full—it is as follows:

"$800.00       San Antonio, Texas,       "December 1, 1930.

"For value received, Star Brick & Tile Company promises to pay to D. A. Trousdale, or order, the sum of Eight Hundred & no/100 ($800.00) Dollars, with interest from date at the rate of 8% per annum, both principal and interest payable at San Antonio, Texas. The principal of this note is payable in monthly installments of $50.00 each, including interest, the first installment being due and payable on January 8, 1931, and one installment to become due and payable on the 8th day of each succeeding month thereafter until the whole principal sum is paid. The interest on this note is payable monthly, and all past due interest shall bear interest from maturity at the rate of 10% per annum. And in the event default is made in the payment of this note, principal or interest, when the same is due, and it is placed in the hands of an attorney for collection, or suit is brought on the same, or same is collected through the probate court, then Star Brick & Tile Company agrees that an additional amount of 10% on the principal and interest of this note shall be added to the same as collection fees.

"[Signed] Star Brick & Tile Company,       "By Henry C. King, Jr., President."

It is alleged that Henry C. King, Jr., and G. H. Albers personally indorsed the note; that plaintiff is the owner of the note; that payments on the principal and interest have been made, stating amounts, and that no payments have been made other than as indicated; that all installments of prin-

cipal and interest are due; that upon maturity of each installment, and at the time when due, "plaintiff presented said note to the defendant corporation, the maker thereof, and demanded payment, but payment of said note or of said installments was upon such presentation refused, and that the defendant maker has failed and refused to pay said note, or any part thereof," except as set out; that upon such refusal to pay, plaintiff promptly notified the indorsers of such failure, and demanded payment of each of them; "that plaintiff has done all things necessary to fix the liability of the maker of said note and the liability of each of the defendant indorsers thereon." The petition then alleges the placing of the note in the hands of the attorneys filing this suit, and the agreement to pay the fee stipulated in the note, alleged to be reasonable.

Plaintiff prays for judgment for the unpaid balance of the principal due on the note, interest, attorney's fees, and general relief.

The defendants Star Brick & Tile Company and Henry C. King, Jr., against whom judgment was rendered, are not parties to this appeal, and we need not state their defensive pleading.

Defendant G. H. Albers answered by general and special exceptions and general denial. None of the exceptions were presented to or passed upon by the court and are waived.

The case was tried to the court without the aid of a jury.

The trial court made and filed findings of fact and conclusions of law.

The findings of fact are substantially as pleaded by plaintiff.

The findings of fact are lengthy, and we state only the finding in controversy on this appeal. The court found in substance that in presenting the note to Albers for payment plaintiff made no exhibition of the note, and by reason of such failure the court held he could not render judgment in plaintiff's favor against Albers. Plaintiff relied on a waiver as reason for not exhibiting the note.

The court entered judgment for plaintiff against Star Brick & Tile Company and Henry C. King, Jr., jointly and severally, in the total sum of $879.67, and interest at 6 per cent. on such sum from March 14, 1936, until paid, and $87.96 as attorney's fee. Judgment was entered in favor of Albers that he go hence without day.

Plaintiff excepted as to the judgment in favor of Albers only, and gave notice of and has perfected his appeal as to Albers.

### Opinion.

We have concluded that we were in error in some of the statements made in our former opinion and now withdraw that opinion and rewrite our opinion and say:

■ Plaintiff alleged that he presented said note to the maker of the note and demanded payment and refusal to pay, and that upon such refusal to pay plaintiff promptly and duly notified the indorsers of the failure to pay, and demanded payment from each of them.

The trial court found that "due demand was made for payment from the maker, Star Brick & Tile Company," and found also: "The note was never physically exhibited for payment to the maker." The court concluded as a matter of law: "This court could not render judgment against the indorser, G. H. Albers, on the presentment because it was not proven; this court could not render judgment against the indorser on the waiver because it was not pleaded."

Article 5937, section 70, of the Statutes provides: "Except as herein otherwise provided, presentment for payment [to the person primarily liable] is necessary in order to charge the drawer and indorsers."

Section 74 of article 5937 provides: "The instrument must be exhibited to the person from whom payment is demanded, and when it is paid must be delivered up to the party paying it."

There is no allegation in the petition that in making the presentment of the note to the maker of the note for payment, an exhibition of the note was made to the maker of the note. While the trial court found that "due demand was made for payment from the maker" of the note, there was no finding that, in making the demand for payment, the note was exhibited to the maker of the note—such exhibition of the note is made necessary by the above section of article 5937, in order to charge the indorser. We think such exhibition of the note, not having been pleaded, may not be embraced in the court's finding that "due demand" was made of the maker of the note for payment. A sufficient pleading of presentment of the note for payment may include "demand for payment," but "demand for payment" does not include facts necessary to show presentment.

Waiver of presentment of the note for payment, nor any facts necessary to con-

**458**

stitute waiver, was pleaded by plaintiff or any of the defendants. The note was executed by the corporation, by King as president. King also indorsed the note with Albers. The court's findings of fact show that King testified that, "he did not require any physical exhibition of the note for payment; that so far as he was concerned, he waived presentment."

We have before us the question of waiver only as to the indorser Albers. We need not discuss the question of waiver by the maker of the note for itself, nor by King for himself. We might say, however, that in view of the provisions of the statute above quoted, we think that the maker of the note may not, in the pleading or the evidence, waive a presentment of the note, or the exhibition of the note in making presentment that could affect the indorser's liability without the indorser's consent, or the indorser's ratification of such waiver.

A sufficient presentment of the note to the maker of the note is a stated condition precedent to charge the indorser with liability.

The case is affirmed.